GILBERT L. CHANG *v.* NORMAN N. UEOKA, AND BANK OF HAWAII, BISHOP NATIONAL BANK OF HAWAII, LIBERTY BANK OF HONOLULU, AND AMERICAN SECURITY BANK, GARNISHEES.

NO. 2797.

ARGUED MARCH 21, 1952.　　　　　DECIDED APRIL 8, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is a suit in assumpsit for $4,186, the balance on account of money loaned and advanced in the sum of $5,000 less payments on account of principal of $814. Defendant filed a general denial and claimed a setoff in the sum of $2,779.94, being the reasonable value of labor, material and supplies furnished by defendant to plaintiff at plaintiff's request, for which plaintiff agreed to pay the reasonable value thereof, and prayed for judgment in the amount of

$2,779.94, with costs, interest and attorney's commissions, and prayed that in the event that any amount should be found due plaintiff under his claim the same be set off against plaintiff's claim.

To this counterclaim and setoff plaintiff filed his reply and claim of setoff, denying defendant's claim of setoff and making a claim against the alleged setoff wherein plaintiff alleged that defendant was indebted to plaintiff in the sum of $263.65 for damages sustained by plaintiff by reason of alleged breach of a contract dated May 24, 1946, for construction, grading and excavation work and for furnishing materials necessary for work on real property owned by plaintiff at 1141 Third avenue, Honolulu. The defendant filed a rejoinder to the answer and claim of setoff.

Trial was had jury waived. The presiding judge in a written decision found for plaintiff on the original claim, in favor of the defendant in part on the claim of setoff, and in favor of plaintiff in part on the setoff against defendant's claim of setoff, with a net award to plaintiff in the sum of $3,360.83.

Defendant was a stone mason and landscaping contractor. He and plaintiff were close personal friends. On April 19, 1947, defendant, being hard pressed for money to carry out his contracts, particularly to build an apartment over the two-car garage for plaintiff, the plaintiff agreed to loan defendant $5,000 as a revolving fund to use in his business. To raise this amount plaintiff put a mortgage for $5,000 on the home owned by himself and his wife and defendant agreed to repay the same by paying the installments due on the mortgage; defendant also entered into a contract to do certain work for plaintiff on the first floor of the garage, to obtain materials for the apartment, to get a carpenter, and to complete the apartment. Any excess of the amount loaned by plaintiff to defendant would be paid by plaintiff to defendant. It also appears that plaintiff's

son was employed by defendant during a part of their dealings although the son was paid no fixed salary.

However, on May 24, 1946, and prior to this arrangement, a contract had been made between the plaintiff and the defendant whereby defendant would excavate rock out of the yard, do leveling, build a new driveway, lay a cement floor for a new two-car garage, take down an old garage, build stone walls, repair old walls, put in new walks, etc., according to a memorandum in writing whereby the agreement was to perform all work "ACCORDING TO THE ROUGH PLAN DRAWN BY THE FIRST PARTY AND APPROVED BY THE SECOND PARTY." This was to be done for the sum of $4,500. The rough plan was merely a map with certain spots marked "ROCKS TO BE EXCAVATED," "PROPOSED STONE WALL," etc. Other than this, it does not show a detailed specific plan nor time for payments.

This contract was never fully performed by the defendant notwithstanding the fact that plaintiff paid the full amount thereof and apparently, although the testimony is conflicting, there seemed to be modifications and additions, etc., as the work progressed which were not set forth in the so-called "rough plan."

The defendant-plaintiff in error alleges that there was a fatal variance between the allegations of the complaint, the proof and the findings of the court.

The advancement of the money was not disputed and the defendant in support of his claim of setoff produced evidence to the satisfaction of the court as to some of the items claimed for labor, materials and services furnished plaintiff.

The claim is made that the suit is based upon money loaned whereas the plaintiff proved and the court below allowed items of recovery as to alleged setoff which were based purely upon alleged breach of contract by defend-

ant; and that these findings were improper, as going beyond the scope of the complaint and of being improper subjects of setoff. However, the defendant himself in his answer set up a claim of setoff and plaintiff in defending against the setoff showed certain breaches of contract in his various dealings with the defendant and the parties went to trial upon the issues as to setoff and counter setoff, etc.

Another assignment of error is that the parol evidence rule was violated by the trial court in admitting evidence to vary the so-called "rough plan." The so-called written contract is on its face ambiguous and it further appears that oral modifications thereof were made from time to time. The court found that changes in various items of the original plan were mutually agreed upon, such as widening the garden spaces from ten to twenty feet, selling rock excavated to cover cost of fill-in soil, enlarging the length of the garage, substituting a low stone wall for a four-inch curb, and various other modifications were discussed in great detail by the trial judge. Under such circumstances this evidence falls within the exceptions of the parol evidence rule in that an ambiguous contract may be explained by oral testimony and oral modifications of a written contract may be shown by parol evidence.

Another contention of defendant on assignment of error was that the loan of $5,000 was not to himself personally but to a partnership in which plaintiff was supposed to be a silent partner. However, the court found against this contention and there is sufficient evidence to sustain the findings of the court. This court will not disturb the finding of a trial court where it depends upon the credibility of witnesses and the weight of evidence so long as there is more than a scintilla of evidence to sustain such finding. It is needless, therefore, to review the various items which the court allowed for defendant and plaintiff, respectively, and the items disallowed. The court reiterated several

times the lack of credibility of the defendant whose testimony was in conflict with that of the plaintiff and his witnesses.

However, the lower court erred in awarding as costs against defendant garnishee costs and fees charged by reason of garnishment of individuals who had no goods or effects of the defendant, who owed nothing to defendant, and who made uncontested returns to that effect. The court in awarding such costs over the objection of the defendant stated that the allowance of such items "is in accordance with the established practice." The court and both counsel obviously overlooked the provisions of the garnishment statute (R. L. H. 1945, § 10313) which specifically provides: "* * * As between the plaintiff and defendant, if the garnishee shall be discharged, the costs of the garnishment proceeding, including one dollar for each copy of summons and one dollar for each service of summons, shall be taxed against the plaintiff; but, if the garnishee shall be held, such costs and all such allowances as shall have been paid by the plaintiff to the garnishee shall be taxed against the defendant."

The judgment of the lower court is sustained save and except as to the garnishee costs taxed by reason of garnishment of several banks that had no funds or effects of defendant in their hands.

*C. N. Tavares* (*Pratt, Tavares & Cassidy* on the briefs) for plaintiff in error.

*H. Y. C. Choy* (*Fong, Miho & Choy* on the brief) for defendant in error.